IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Felissa Anne Grissett, | ) | Case No.: 4:25-cv-02869-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Judge B. Alex Hyman, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 50), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Felissa Anne Grissett's ("Plaintiff" or "Grissett") pleadings.[1] (DE 1.)

**A.    Background**

The Report sets forth the relevant facts and legal standards, which the Court adopts by reference and incorporates herein. A brief summary is provided for context.

Plaintiff, proceeding *pro se*, filed suit against Defendant Judge B. Alex Hyman ("Defendant" or "Judge Hyman") under 42 U.S.C. § 1983. (*Id.*) Plaintiff alleges Judge

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Hyman violated her rights to a "15-day hearing or entry of order on a related to a temporary restraining order." (DE 1, DE 22.)

The Court permitted Plaintiff to submit additional documents to support her case (DE 11) and later granted her request to amend her complaint (DE 15). Plaintiff appealed to the Fourth Circuit Court of Appeals, which ultimately denied her appeal. (DE 26.) On August 22, 2025, the Court granted Plaintiff's Motion to Amend her Complaint. (DE 42.) The Court directed Plaintiff to file an amended complaint and complete service documents for the Defendant(s) named in the amended complaint by September 12, 2025. (*Id.*) The August 22 order was returned to the Court on September 4, 2025, as undeliverable with the notation "Return to Sender, Attempted–Not Known, Unable to Forward." (DE 47-1.)

Plaintiff has not notified the Court of any change of address, and as a result, neither the Court nor the Defendant has any means of contacting her concerning her case.

**B.    Report and Recommendation**

On September 5, 2025, the Magistrate Judge issued the Report recommending dismissal of the action without issuance and service of process. (DE 50.) No objections to the Report have been filed, and the time for doing so has expired.

**C.    Legal Standard**

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

The Court has reviewed the Report and Recommendation and finds no clear error. Accordingly, the Court adopts the Report and Recommendation (DE 50) in full.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is dismissed without prejudice in accordance with Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 20, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.